387 S.E.2d 466 (1990)
Lynn L. ZYSK
v.
Heinz Rudolph ZYSK.
Record No. 881211.
Supreme Court of Virginia.
January 12, 1990.
Rehearing Granted March 2, 1990.
W. Christopher Currie (Morano, Colan & Butler, Richmond, on briefs), for appellant.
Robert B. Delano, Jr. (Albert M. Orgain, IV, A. Davis Bugg, Jr., Sands, Anderson, Marks & Miller, Rumsey, Breeden, Hubbard, Bugg & Terry, Irvington, on brief), for appellee.
Present: CARRICO, C.J., COMPTON, STEPHENSON, RUSSELL, WHITING, and LACY, JJ., and GORDON, Retired Justice.
COMPTON, Justice.
The question for decision in this civil appeal is whether participation in the crime of fornication, in violation of Code § 18.2-344, bars recovery in tort for injuries resulting from that criminal act.
Appellant Lynn L. Zysk instituted this action against appellee Heinz Rudolph Zysk, her husband, seeking recovery in damages for alleged personal injuries and other losses caused by the defendant's conduct prior to the marriage. The defendant filed a demurrer, which the trial court sustained. We awarded the plaintiff this appeal from the court's August 1988 order dismissing the action.
*467 We will summarize the allegations of the motion for judgment in accord with the familiar principle that a demurrer admits the truth of all properly pled material facts. The plaintiff alleged that the parties were married in May 1986 and that they permanently separated about eight months later. She asserted that, shortly before the marriage, "the parties engaged in consensual sexual intercourse." Further, she alleged, "unbeknownst to the Plaintiff, the Defendant was at that time infected with the Herpes Simplex Type 2 virus, and he was a carrier thereof."
In addition, the plaintiff asserted that defendant "was fully aware that he was so infected." She claimed that the infection "was at its active stage and thus was highly contagious at the time the parties engaged in sexual intercourse." She also alleged that at no time prior to the intercourse did the defendant inform the plaintiff of his condition "nor did he attempt to take any precautions whatsoever to prevent the transmission of the virus to the Plaintiff."
As a result, the plaintiff alleged, she became infected with the virus which "is a permanent and incurable condition." She sought judgment in damages for alleged personal injuries, economic losses, and emotional distress on the grounds that defendant engaged in intentional and negligent conduct.
Code § 18.2-344 provides: "Any person, not being married, who voluntarily shall have sexual intercourse with any other person, shall be guilty of fornication, punishable as a Class 4 misdemeanor." In sustaining the demurrer, the trial court implicitly adopted defendant's contention that the plaintiff, a participant in the unlawful act of fornication, is barred from recovering damages resulting from the act. We hold that the trial court was correct.
Virginia follows the general rule that "a party who consents to and participates in an immoral or illegal act cannot recover damages from other participants for the consequence of that act." Miller v. Bennett, 190 Va. 162, 164-65, 56 S.E.2d 217, 218 (1949) (wrongful death action against abortionist held barred when plaintiff's decedent consented to abortion, or attempted abortion, performed in violation of Virginia's then general anti-abortion criminal statute). The foregoing principle applies to all civil actions, whether in tort or in contract. See Levy v. Davis, 115 Va. 814, 80 S.E. 791 (1914) (seller barred from recovering possession of furniture sold to operator of house of prostitution when seller knew character of defendant's business and that her only means of payment was from income of the enterprise); Roller v. Murray, 112 Va. 780, 72 S.E. 665 (1911) (action on illegal, champertous contract may not be maintained either to enforce it directly or to recover the value of services rendered under it). The rule mainly is premised on the idea that courts will not assist the participant in an illegal act who seeks to profit from the act's commission. 190 Va. at 165, 56 S.E.2d at 218-19.
When applied to tort actions, as here, other reasons support the rule. As we have indicated, consent, freely given without fraud or duress, bars recovery, even though the conduct constitutes a crime. Ordinarily, a participant's consent will not bar a criminal prosecution; the State, representing the public interest invaded by the crime, has not consented to commission of the crime. However, when the consenting participant seeks monetary reward for harm resulting from the unlawful conduct, the public interest is protected sufficiently by criminal sanctions and does not require that the participant receive compensation. Id. at 165-66, 168-69, 56 S.E.2d at 219-21. See Restatement (Second) of Torts § 892C(1) comment b (1979).
Moreover, there should be no valid apprehension about permitting consent to bar recovery in tort on the ground that defendants will be encouraged to engage in criminal activity, because they will know that no tort liability will result. Such a contention is answered by the belief that a contrary rule would equally encourage plaintiffs to engage in or permit criminal conduct, for they would know that recovery is possible if harm results. As a practical matter, however, it is doubtful that anyone *468 planning criminal behavior would be influenced by either argument. Id.
The facts set forth in the motion for judgment demonstrate that the plaintiff's claim against the defendant clearly is barred by settled Virginia law. The very illegal act to which the plaintiff consented and in which she participated produced the injuries and damages of which she complains.
And, the foregoing principle applies even though defendant concealed his infection from the plaintiff. Contrary to plaintiff's contention, the principle is not an assumption-of-the-risk concept which, in certain cases, would allow a plaintiff to recover if she did not have knowledge of and fully appreciate a danger to which she had exposed herself. See, e.g., Amusement Slides Corp. v. Lehmann, 217 Va. 815, 232 S.E.2d 803 (1977).
Consequently, we conclude there is no error in the ruling of the trial court and the judgment of dismissal will be
Affirmed.
UPON A PETITION FOR REHEARING
On consideration of the petition of the appellant to set aside the judgment rendered herein on the 12th day of January, 1990 and grant a rehearing thereof, the prayer of the said petition is denied.