**CIRCUIT COURT OF ROCKBRIDGE COUNTY**

Michael Brent Hall

    v.

Deborah G. Goolsby

June 27, 1991

By JUDGE GEORGE E. HONTS, III

Briefly, Michael Brent Hall and Deborah G. Goolsby had adulterous intercourse at Hall's place of residence. Some six months after the act, Goolsby complained she was raped. A magistrate refused to issue a warrant. A Grand Jury directly indicted Hall on criminal charges of rape and sodomy. A special prosecutor was appointed; Hall is a veterinarian and well-known to the Commonwealth's Attorney; Goolsby was a law student at Washington and Lee University, for which the Commonwealth's Attorney is counsel. After review, the special prosecutor moved the charges be *nolle prosequi*. A full recitation of the facts he uncovered are attached to the pleadings, but in essence, he declined to prosecute because:

1. The evidence "falls far short of [showing] the force necessary to constitute rape," and

2. While the prosecutor "does believe the victim as to what happened," the prosecutor also states "we just believe that no court in this land and no jury in this land could possibly believe that what happened constitutes forcible rape."

The defendant not objecting and the court accepting the prosecutor's representations, the motion to *nolle prosequi* was granted.

Hall subsequently filed suit against Goolsby to recover for damages for a malicious prosecution. Goolsby

has moved for summary judgment on the ancient doctrine *ex turpi causa non oritur actio*: No action arises which allows one to profit (or recover) from one's own base or illegal act.

Since, for reasons that will become apparent, the sodomy charge will have little bearing on the decision here, I shall hereafter focus on the rape charge in determining the motion for summary judgment.

Arguments by brief and orally have been heard. Hall by counsel bases his opposition to summary judgment in large part upon a proximate cause argument, to wit the act of intercourse did not trigger the charge of rape because the act was consensual.

It is an interesting argument, but its geometry is circular. Goolsby did *not* fabricate her testimony of intercourse; it happened. Hall would not initially admit it happened. Just as Goolsby's allegations were belatedly made, so was Hall's contention that the act occurred and it was consensual. Thus, the charge stems from an event that occurred, not one that was created by distorted mental processes.

There was no physical force or violence used (beyond the removal of clothing and propelling Goolsby to the bedroom). There was no treat of violence made. Goolsby has, however, steadfastly maintained she did not consent to intercourse. She must then rely upon intimidation or diminution of mental capacity caused by ingesting alcohol (although she would be hard pressed to rise above her evidence that she was "faking" her intake of wine during the evening) to establish probable cause for a rape charge.

Goolsby has not denied that she sought companionship and affection. What she does deny, and the facts tend to support her, is that she was sexually solicitous. It is on this narrow margin that both the criminal sexual charges and this case must turn.

Thus, in this narrow sense, Hall's proximate cause argument fails. The sex act happened. Hall maintains his adulterous partner was a vigorous, consenting participant. Goolsby denies that. In that sense, the act of intercourse directly triggered the criminal charge.

"Ah, but," Mr. Coyner in effect says. He contends the prosecution arose not from the intercourse, but from a motive to do harm to Hall and/or to afford Goolsby an

opportunity to cover her own base conduct and protect herself from the discerning eye of her cuckolded husband.

If those be motivations, they are weakened by the fact that Goolsby herself was on the threshold of becoming a professional person whose reputation and standing could not be enhanced by "hollering rape" and the fact her husband knew well before the incident that she had an "eye" for Hall and had conveyed to her husband an intent to spend time with Hall.

Hall contends he was prosecuted "falsely, maliciously, with intent to injure" and that Goolsby's actions were "intentional, reckless, outrageous, intolerable and offensive against generally accepted standards of decency and morality."

We note that under the law of this Commonwealth, adultery also violates the generally accepted standard of decency and morality. (I use adultery herein, although technically, Goolsby would be an adulteress in a consensual act with Hall and Hall would be a fornicator.)

We then are really confronting two questions: Did the Grand Jury act properly in returning a True Bill on the presentments, i.e., was there evidence to establish probable cause? And, if not, is Hall barred by his own misconduct?

Goolsby has been consistent in her recitation of the events. The prosecutor stated in open court the Commonwealth "does believe the victim as to what happened." So, apparently, did the Grand Jury. Certainly logic dictates that if an accused can be convicted of rape on the uncorroborated testimony of the victim, *Givens v. Commonwealth*, 70 Va. (29 Gratt.) 830 (1878), then that same testimony, if believed, must also be sufficient to establish probable cause.

There is no basis to infer or assume Goolsby gave any evidence to the Grand Jury that varied in any degree from her other statements, all of which contain elements of declarations against her interest (not necessarily her penal interests). We will not indulge speculation regarding the rationality or corporate integrity of the Grand Jury, nor will we consider the out-of-court statements and inquiries allegedly made by a grand juror in direct contravention of his charge and oath.

We find, then, probable cause existed for the indictments. Probable cause, as we instruct grand juries each term, does not require proof beyond a reasonable doubt. Neither the fact a magistrate did not issue a warrant on Goolsby's application, nor the fact the Commonwealth declined to prosecute, undermine the Grand Jury's determination.

If one omits the allegations of physical violence from the other case, this case is cheek to jowl with *Massey v. Commonwealth*, 230 Va. 436 (1985), a case with which we charge the prosecutor with knowledge of. The prosecutor, with twenty years' experience in prosecuting criminal cases, obviously saw that no court in the land and no jury in the land would convict on the evidence and, knowing that, carried out the obligation of the office and declined to prosecute. It is noteworthy that he decided to prosecute rather than to dismiss, a distinction that is seldom lost on a prosecutor with twenty years' experience.

For all these reasons, then, while Goolsby's actions were obviously intentional, they cannot be said to be reckless, outrageous and intolerable.

We turn then to *ex turpi causa non oritur actio*. Perhaps we may infer Goolsby got what she wanted. Perhaps not. Clearly Hall got what he wanted. His conduct was base and illegal. The fact he may be able to show half the population carries on the same conduct neither justifies his action nor overcomes the baseness and illegality thereof. In that context, he is as defenseless as the speeding motorist.

His base and illegal conduct triggered the criminal charges. In all the cases cited to the contrary by him, there was an intervening cause in the form of a third party. There were no third party intervenors in this case. In undertaking the satisfaction of his base appetites, he, in effect, assumed some risks: venereal disease; AIDS; a bastard child; injury or death at the hands of a cuckolded husband; a charge of sexual battery; a charge of rape. The first three risks are direct. The latter are indirect, perhaps remote, but existent nonetheless.

Hall broke the law. "The facts set forth in the motion for judgment demonstrate that the plaintiff's claim against the defendant clearly is barred by settled Virginia

law. The very illegal act to which the plaintiff consented and in which [he] participated produced injuries and damages to which [he] complains." *Zysk v. Zysk*, 239 Va. 32, 35 (1990).

The foregoing principle applies as a general rule. The rule is not, nor by the language above do we intend to imply otherwise, an assumption of the risk concept. *Zysk, id.* Although risks certainly exist, the hard fact is that Hall has no legitimate cause of action.

I digress briefly to make a point. I am fully convinced Goolsby did not consent to the intercourse, although "her actions belie her words," and I quite agree no rape case based on the facts presented would achieve the verisimilitude of proof beyond a reasonable doubt. There is a movement afoot in the nation to make rape something far different from the orthodox definition of that heinous crime. The movement is modern. Goolsby is a modern woman, as evidenced by her pursuit of a worthy career. The modern notion of rape is well described in a recent *Time Magazine*, June 3. This Commonwealth has bent toward the modern notion as evidenced first by the inclusion of "intimidation" in the statute and second by recognizing that "there is no standard of reasonableness expressly provided by Code Section 18.2-61," that is to say, the standard to establish intimidation is not objective. *Sutton v. Commonwealth*, 228 Va. 654, 664 (1985). My experience at the bar and on the bench leads me to declare publicly what I concluded privately some time ago. Rape should be degreed in a fashion similar to homicide. While many would disagree, I see a great distinction between the predatory stranger who brutally rapes an innocent victim and an adulterous rape where consent is withheld because of subjective intimidation -- where resistance is slight or not existent but consent is not given. We cannot open Goolsby's mind to know what her intentions were that night. We are, therefore, confronted with a subjective standard at the onset. While her actions belie her words when weighted against the objective standard of the criminal case, we are persuaded she has met the subjective standard test in this proceeding.

In the case before me, the conflict is resolved. The law in Virginia is settled. Hall may not recover for damages from his own base and illegal act.

Defendant's motion for summary judgment is granted.