## CIRCUIT COURT OF FAIRFAX COUNTY

Joyce Greene

v.

Walter C. Guarino

September 6, 1991

Case No. (Law) 99842

By JUDGE ROSEMARIE ANNUNZIATA

This action is currently before the court on the defendant's Motion to Dismiss on the grounds that the plaintiff's claims against him are barred. Defendant contends that plaintiff's decedent, having participated in an unlawful and immoral act by committing suicide, is precluded from recovery in this action under Virginia law. For the reasons stated below, the Motion to Dismiss is denied.

Plaintiff, Joyce Greene, as personal representative of the estate of Robert E. Greene, II, brought this wrongful death action against Walter C. Guarino, M.D., a duly licensed psychiatrist. At the time of his death, the decedent was being treated as an outpatient by Dr. Guarino for schizophrenia and suicidality.

The plaintiff alleges in the Motion for Judgment that Dr. Guarino: (1) prescribed an inappropriate and toxic combination of drugs, (2) failed to advise the patient of the risks and/or alternatives associated with the drugs, (3) prescribed an inappropriate quantity of medication to a suicidal patient, (4) failed to hospitalize his patient when the patient's condition deteriorated and demanded monitoring, (5) failed to instruct the plaintiff or other members of decedent's family how to deal with the patient's suicidality and to report promptly

evidence thereof and (6) otherwise rendered substandard psychiatric care. As a result of the defendant's negligence, plaintiff claims the decedent took an overdose of his medication, which killed him.

Defendant relies principally on the decisions in *Hill v. Nicodemus*, 755 F. Supp. 692 (W.D. Va. 1991) and in *Wackwitz v. Roy*, 24 Va. Cir. 57 (1991). Both decisions are based on the application of the general rule that a party who consents to and participates in an immoral or illegal act cannot recover damages from other participants for the consequence of that act. *See Miller v. Bennett*, 190 Va. 162, 164-5 (1949); *Zysk v. Zysk*, 239 Va. 32, 34-35 (1990).

I find these authorities inapposite and not controlling. The rule enunciated in *Miller* and *Zysk* has historically been applied in Virginia when the commission of the criminal act to which plaintiff consents also encompasses the conduct upon which defendant's liability in a civil action is subsequently premised. Typically, the party seeking recovery and the party from whom recovery is sought both have participated in and consented to the criminal act which is the basis for the cause of action. This application of the rule is consistent with the early articulation of its reach by Lord Mansfield who, in *Holman v. Johnson*, 1 Cowp. 341, 98 Eng. Rep. 1120 (1775), stated that the cause of action must arise from the wrongful act itself to be subject to the rule's application. In these cases, it is clear that the criminal act, and no other, is the cause of the injuries claimed.

In *Miller v. Bennett*, for example, the cause of action was based on the performance or attempted performance of an abortion, which was a crime at that time. As a result of the abortion, plaintiff's decedent died, and the person performing the abortion was indicted for abortion and for murder. *See Coffman v. Commonwealth*, 188 Va. 553 (1948). The estate of plaintiff's decedent pursued an action for

damages based on the criminal act of abortion.[1] The Court barred the action, citing the general rule set forth above.

The fact pattern in *Zysk v. Zysk* is likewise one in which both the plaintiff and the defendant participated in and consented to the same criminal act, subsequently made the basis for the plaintiff's cause of action. In *Zysk*, plaintiff sought damages as a result of her having become infected with the Herpes Simplex Type 2 virus, which she claimed she contracted at the time she and the defendant engaged in consensual sexual intercourse. At the time of the intercourse, unbeknownst to her, the defendant was infected with the virus. Plaintiff further alleged that the defendant failed to inform her of his condition and failed to take any precautions to prevent the disease's transmission. *Id.* at 33-34. Because the parties were unmarried at the time the disease was transmitted, by means of the intercourse, *id.,* at 33, the action was barred. Citing *Miller v. Bennett,* the Virginia Supreme Court stated the general rule that a "party who consents to and participates in an immoral or illegal act cannot recover damages from other participants for the consequence of that act . . . . [T]he very *illegal act* to which the plaintiff consented and in which she participated *produced the injuries and damages* of which she complains." *Zysk v. Zysk,* 239 Va. at 34-35 (emphasis added). *See also, Suddarth v. Slane,* 539 F. Supp. 612, 615 (W.D. Va. 1982). (Federal court applies *Miller* rule in a case where plaintiff, but not defendant participated in a criminal act, but where it is clear the plaintiff's criminal act produced the wrongful termination complained of).

In the present case, the cause of action as pleaded does not arise from nor is it based on the allegedly immoral illegal act of suicide. Rather it is based on the defendant's alleged failure to exercise the requisite care under the circumstances of this case, resulting in the self-inflicted death of plaintiff's decedent. Analytically, a

---

[1] A review of the evidence presented fails to disclose that malpractice constituted the cause of action and no evidence based on negligence was presented. See Coffman v. Commonwealth 188 Va. 553 at 556-59; Miller v Bennett, 190 Va. at 164. ("There is no substantial difference in the evidence introduced in this case, and that introduced in the criminal case . . . to which reference is made.")

criminal act is not the basis of the cause of action. Rather, defendant's alleged malpractice is the predicate for the cause of action and the damages claimed. The facts alleged in the case before the Court present issues not specifically addressed in *Miller v. Bennett, supra,* or in *Zysk v. Zysk, supra.*

While the application of the rule enunciated in *Miller v. Bennett* arguably could be extended to bar suits in which a defendant's negligent act is claimed to have caused the plaintiff's suicide as a matter of law, the public policy upon which the rule has historically rested is not particularly well-served in such cases. The denial of recovery to a plaintiff whose unlawful act is a part of an action is "in the nature of a punishment for the plaintiff's wrongdoing . . . . [which] is no reason for saying that the defense is never to be allowed, yet it is evident that it should be restricted to close limits." Davis, *Plaintiff's Illegal Act as a Defense in Actions of Tort,* 18 Harv. L. Rev. 505, 513.

Here, the action is brought on behalf of decedent's estate. The rule's deterrence value is significantly diminished in such cases; the heirs are non-participants in the self-inflicted death, and the participant, now dead, can derive no benefit from the criminal act. It should also be noted that, barring a cause of action based on a criminal act to which both parties have consented does not have the effect of insulating the defendant from all liability, since the defendant remains subject to criminal law prosecution. *See Zysk v. Zysk, supra,* at 34-35 ("[W]hen the consenting participant seeks monetary reward for harm resulting from the unlawful conduct, the public interest is protected sufficiently by criminal sanction and does not require the participant receive compensation.").

However, applying the *Miller* rule to causes of action premised on negligence effectively insulates a class of tortfeasors from all liability and fails to reflect public policies underlying the law of torts. This result is particularly troublesome in cases such as the present one in which a special relationship exists, giving rise to a duty on the part of the defendant to prevent the very act deemed to bar liability. Knuth, *Civil Liability for Causing or For Failing To Prevent Suicide,* 12 Loy. L.A. L. Rev. 967, 990 (1979); *Cowan v. Doering,* 545 A.2d 159, 165 (N.J. 1988).

Finally, and most importantly, tort law goals and the public policy issues underlying the *Miller* rule are successfully harmonized in negligence cases because causation and foreseeability must be proved in order to recover. As noted in *Cowan v. Doering, supra,* "[t]he resolution of the subtle and elusive issue of proximate cause is perhaps the most critical determination bearing on the fairness of imposing liability on an otherwise negligent defendant [citations omitted]. Proximate cause serves to apportion responsibility for wrongful injury in accordance with 'fairness and sound public policy' [citation omitted]." *Id.* at 166.

Treating the issue of suicide in such cases as one involving causation appears to be well-established. *See* cases cited in Plaintiff's Opposition to Defendant's Motion to Dismiss at 8-10. As noted in one scholarly treatise on the issue, "It seems plain that if the illegal act is the immediate, active cause of the damage, recovery is rightly refused. But it is by no means so clear that public policy demands that, if the illegal act was simply a remote link in the chain of causation, the action shall be barred, and the almost unanimous opinion of the authorities is strong evidence that it does not." 18 Harv. L. Rev. *supra* at 513. *See also* 2 Harper and James, Torts § 17.6; Prosser, Torts (4th ed.) at 421; Restatement (Second) of Torts, sect. 689 comment b; Restatement (Second) of Torts, sect. 60; Knuth, *Civil Liability for Causing or Failing to Prevent Suicide, supra*; Annotation, *Civil Liability for Death by Suicide,* 11 A.L.R.2d, 751, §§ 13-17 (1950); Annotation, *Liability of Doctor Psychiatrist or Psychologist for Failure to Take Steps to Prevent Patients' Suicide,* 17 A.L.R.4th 1128; Annotation, *Liability of One Causing Physical Injuries as a Result of which Injured Party Attempts or Commits Suicide,* 77 A.L.R.3d 311 (1977).

Under this view, the application of traditional tort law analysis is used to bar recovery in negligence cases in which suicide results; unless the evidence shows that the defendant and not the decedent was the cause of the decedent's wrongful death, there can be no recovery. *See Brandvain v. Ridgeview Institute, Inc.,* 372 S.E.2d 265 (Ga. App. 1988); *Scheffer v. Washington City, etc. Co.,* 105 U.S. 249 (1881) (applying Virginia law).

Accordingly, I do not find that a cause of action for medical malpractice where the injury claimed is self-inflicted death is barred as a matter of law. While the issue of suicide is relevant to the determination of causation in this case, this issue involves a question of fact, requiring a full evidentiary hearing for resolution.

For these reasons, defendant's Motion to Dismiss is denied.