ROBERT A. TROTTER

v.

JUDY B. OKAWA, ET AL.

Record No. 930996

June 10, 1994

Present: All the Justices

*William B. Reichhardt (Elizabeth D. Teare; Surovell, Jackson, Colten & Dugan,* on briefs), for appellant.

*Carolyn Kane (Joseph Dyer; Louise M. DiMatteo; Siciliano, Ellis, Dyer & Boccarosse,* on brief), for appellee Roger Wolff.

*Vicki J. Hunt (Montedonico, Hamilton & Altman,* on brief), for appellees Judy Okawa and The George Washington University.

JUSTICE KEENAN delivered the opinion of the Court.

In this appeal of a medical malpractice action, we consider whether the trial court erred in sustaining demurrers on two grounds: (1) that the plaintiff was barred from recovery by his participation in an illegal act, based on *Zysk v. Zysk,* 239 Va. 32, 404 S.E.2d 721 (1990); and (2) that his cause of action was further barred against one defendant by the doctrine of sovereign immunity.

Since this action was concluded in the trial court on demurrer, we consider as true all material facts expressly alleged in the amended motion for judgment, those facts that can be fairly inferred from the facts alleged, and those facts that are impliedly alleged. *CaterCorp, Inc. v. Catering Concepts, Inc.,* 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993).

Robert A. Trotter filed an amended motion for judgment against Judy B. Okawa, Roger Wolff, and George Washington University (the University), seeking damages for the defendants' acts and omissions during a period in which Trotter received outpatient treatment at the Arlington County Mental Health Center (the center). Trotter sought treatment at the center and received individual psychotherapy from Okawa. Okawa was employed by the Arlington County Department of Human Services, Division of Mental Health, Retardation, and Substance Abuse Services ("Arlington County"), as a clinical psychologist intern. Her internship took place pursuant to the placement and under the supervision of the University. In addition, her work at the center was supervised by Roger Wolff, a licensed clinical psychologist employed by Arlington County.

Trotter's provisional diagnosis indicated that he was suffering from depression and a dependent personality disorder. This diagnosis also included observations that Trotter had "powerful fears of abandonment and rejection," and that "his interpersonal relationships are a source of much pain." Okawa treated Trotter for these problems between January 1991 and June 1991 during his individual psychotherapy sessions.

The amended motion for judgment alleges that, during this period, Okawa initiated and promoted a sexual relationship with Trotter. The pleading alleges that she initiated provocative physical contact with Trotter at therapy sessions, telephoned Trotter at his home to discuss her sexual attraction to him, made repeated visits to his home where she initiated sexual contact with him, and invited Trotter to her home where they engaged in sexual intercourse.

Trotter alleges in the amended motion for judgment that he participated in this sexual activity "as a result of duress, coercion, and the exploitation of his status as a mentally ill patient under the care of the Defendants." He also alleges that Wolff and the University knew of Okawa's actions, but "failed to adequately investigate, supervise or stop the activities of Okawa."

The amended motion for judgment alleges "gross breach of professional duty, misconduct and gross negligence" on the part of all defendants, based on Okawa's actions, on the failure of Wolff and the University to properly supervise and monitor Okawa, and on the failure of each defendant to protect Trotter's mental well-being and provide him proper treatment. Trotter's pleading further

alleges that, "[a]s a direct result of these Defendants' violations of their duties as aforesaid, [he] has suffered severe traumatization and impairment of his mental health and well-being, and has been caused to incur, and will continue to incur significant expenses in order to seek psychological treatment."

Citing *Zysk v. Zysk*, 239 Va. 32, 404 S.E.2d 721, and *Miller v. Bennett*, 190 Va. 162, 56 S.E.2d 217 (1949), the trial court ruled that Trotter's participation in the illegal act of fornication barred his action against all three defendants. The court further sustained Wolff's plea of sovereign immunity. Based on these rulings, the trial court entered a final order dismissing the case as to all defendants.

On appeal, Trotter first argues that *Zysk* and *Miller* do not bar his malpractice action, because his pleadings allege that he participated in the act of fornication under coercion and duress. Trotter contends that this allegation places his claim squarely within the "fraud or duress" exception set forth in *Zysk*, 239 Va. at 34, 404 S.E.2d at 722.

In response, the defendants assert that the bar of *Zysk* and *Miller* should apply, because the amended motion for judgment does not allege that Trotter was legally incompetent or otherwise legally incapable of making his own decisions. Thus, the defendants argue, these authorities preclude any recovery by Trotter as a result of his illegal act. The defendants also contend, in the alternative, that Trotter's allegations of coercion and duress state mere conclusions of law that are unsupported factually in the amended motion for judgment. We disagree with the defendants.

■ We find no merit in the defendants' argument that an act is necessarily consensual, within the meaning of *Zysk* and *Miller*, unless the plaintiff is legally incompetent or otherwise legally or mentally incapable of acting in his own behalf. Our holdings in these cases have not established that a plaintiff's consent should be measured by such a standard.

■ In *Miller*, this Court held that an administrator could not recover for a death resulting from an attempted illegal abortion, because the decedent, an adult woman, had consented to the defendant's commission of the illegal act. In reaching this decision, this Court applied the "general rule . . . that a party who consents to and participates in an immoral or illegal act cannot recover damages from other participants for the consequence of that act." *Miller*, 190 Va. at 164-65, 56 S.E.2d at 218. Notably, the

administrator in *Miller* did not allege that the decedent participated in the illegal abortion as a result of the defendant's exercise of coercion or duress. Thus, this Court was not required to consider the legal implications that would result if those factors were present.

In *Zysk*, the plaintiff sought recovery in damages against her estranged husband, claiming that, before their marriage, he had knowingly infected her with a type of herpes virus. Citing *Miller*, this Court held that, since fornication is a criminal act under Code § 18.2-344, the plaintiff's voluntary participation in that act barred her tort action for damages resulting from her conduct.

The Court explained that its ruling was based on the principle that "courts will not assist the participant in an illegal act who seeks to profit from the act's commission." *Zysk*, 239 Va. at 34, 404 S.E.2d at 722. The Court concluded that "consent, freely given without fraud or duress, bars recovery" in such an action. *Id*. Thus, the *Zysk* decision expressly recognized that a plaintiff whose consent is obtained by duress is not subject to the general rule that consensual participation in an illegal or immoral act bars a participant from seeking monetary reward for injuries resulting from that act. *Id*.

In the present case, the amended motion for judgment alleges that Trotter participated in the act of sexual intercourse under duress and coercion caused by Okawa's exploitative treatment of her patient. Supporting this claim are facts specifically pleaded that describe Trotter's mental condition and Okawa's actionable conduct. We hold that these allegations of duress and coercion, as factually supported by the motion for judgment, bring Trotter's action within the "fraud or duress" exception articulated in *Zysk*. Therefore, we conclude that the trial court erred in ruling that *Zysk* and *Miller* bar Trotter's cause of action.

We next consider the trial court's ruling sustaining Wolff's demurrer based on his plea of sovereign immunity. Wolff argues that, under *Lawhorne v. Harlan*, 214 Va. 405, 200 S.E.2d 569 (1973), the trial court's judgment is correct because Wolff was an administrator and was not Trotter's treating psychologist. Therefore, Wolff contends that Trotter's action against him is barred because of sovereign immunity, except for acts of gross negligence, and he further argues that the facts pleaded by Trotter do not support the allegation of gross negligence.

In response, Trotter contends, among other things, that the trial court erred in sustaining the plea of sovereign immunity at this early stage of the proceedings, when the court was unable to analyze the factors necessary to such a determination. We agree with Trotter.

Initially, we note that the trial court did not state whether its ruling was based on a belief that Trotter did not sufficiently allege gross negligence. However, even if the court believed that the pleadings alleged only simple negligence, it could resolve the question of Wolff's entitlement to immunity only when it was able to evaluate several factors concerning Wolff's position and the nature of his responsibilities in the acts alleged in the motion for judgment. *See James v. Jane*, 221 Va. 43, 53, 282 S.E.2d 864, 869 (1980).

Here, the facts pleaded did not reveal, among other things, the degree of control and direction that Arlington County exercised over Wolff, or the extent of his responsibility for and involvement in Trotter's treatment. In addition, these facts had not been established by stipulation or by evidence received. Therefore, we conclude that the court erred in sustaining Wolff's plea at this stage of the proceedings.

For these reasons, we will reverse the trial court's judgment and remand the case for further proceedings consistent with the principles expressed in this opinion.

*Reversed and remanded.*

JUSTICE COMPTON, with whom CHIEF JUSTICE CARRICO and JUSTICE STEPHENSON join, dissenting.

In my opinion, the amended motion for judgment is insufficient in law because it establishes that the plaintiff is barred from a recovery under the rule of *Zysk v. Zysk*, 239 Va. 32, 404 S.E.2d 721 (1990).

In *Zysk*, we held that a party consenting to and participating in the illegal act of fornication cannot recover damages from the other participant for the consequence of that act. *Id.* at 34, 404 S.E.2d at 722. The rule is limited to the extent that the consent must be "freely given without fraud or duress." *Id.*

Drawing on the "fraud and duress" limitation in *Zysk*, the majority concludes that the amended motion for judgment survives

demurrer because it "alleges that Trotter participated in the act of sexual intercourse under duress and coercion caused by Okawa's exploitative treatment of her patient." I disagree.

In the present case, a competent, adult male, who claims to have emotional problems, seeks recovery in damages against a woman, who allegedly exploited his status by duress and coercion, because she persuaded him to engage in sexual activity with her. I would hold that this alleged "exploitation," which, given these allegations, is contrary to human experience, does not amount to such "fraud and duress" that will support a cause of action for damages.

Thus, I would affirm the judgment below.