# CIRCUIT COURT OF LOUDOUN COUNTY

Robert Brook Jones

v.

Town of Lovettsville

April 2, 1999

Case No. (Law) 21268

BY JUDGE JAMES H. CHAMBLIN

In this appeal from the Loudoun General District Court, the Plaintiff, Robert Brook Jones, has brought suit against the Town of Lovettsville for wages allegedly due him under the Fair Labor Standards Act (FLSA) for work in excess of forty hours per week while he was an employee of the Town.

At the bench trial on March 11, 1999, the Town asserted three defenses. First, it argued that Jones was an "executive," and therefore, the provisions of the FLSA did not apply. Second, for reasons elaborated in more detail later, the Town asserted that Jones could not recover from the Town because he cannot profit from his own wrongdoing. Third, the Town suggests that when restitution was ordered in Jones's criminal case, it became a judicial determination between him and the Town as to what were the obligations between them.

At the conclusion of the trial, I ruled that the Town had not shown, by any standard of proof, that Jones was an "executive" under the FLSA. Therefore, the FLSA applies to his employment by the Town.

The other two issues were taken under advisement. As I requested, the parties submitted their authorities on March 25, 1999.

For the reasons that follow, I find that Jones cannot profit from his own wrongdoing and that if he had a claim for overtime pay, then he should have raised it when restitution was set in his criminal case.

Jones's claim encompasses the period from May to November 1996 when he was employed by the Town to operate the water system and the wastewater treatment plant for the Town. He was paid a salary. The work he performed, especially water testing, required him to work seven days a week.

In order to operate the wastewater treatment plant, Jones needed certain certificates from the Commonwealth. Jones represented to the Town that he had such certificates. He signed forms required by the Commonwealth as the operator of the plant with the required certificates. The Town relied on Jones's representations that he had the required certificates. In October 1996, the Town learned that Jones did not have the required certificates. Felony charges were brought against Jones for forgery and uttering of public records. In November 1996, Jones's employment with the Town ended.

In June 1997, as part of a plea agreement, Jones entered Alford pleas of guilty to the two charges. In return for the Alford pleas of guilty, the Commonwealth agreed to a deferred finding on each charge for two years under certain terms and conditions. If Jones complied with the agreement, then at the end of two years, he would be found guilty of two misdemeanors.

When I accepted Jones's Alford pleas of guilty, Jones stipulated the evidence for the Commonwealth. As a result, I found that the evidence was sufficient for a conviction on both charges but deferred a finding under the agreement.

A condition of the agreement was that Jones pay restitution to the Town for its losses as a result of his offenses. After a separate hearing in July 1997, I set restitution at $2,686.25. At that hearing, Jones never raised the issue of his being entitled to any further pay from the Town. Jones has satisfied his restitution obligation through community service.

Both parties agree that the law of Virginia precludes an individual from profiting from a crime. *See, e.g., Adkins v. Thomas*, 253 Va. 275 (1997) (a guilty criminal defendant cannot profit from the alleged malpractice of his defense counsel); *Zysk v. Zysk*, 239 Va. 32 (1990) (participation in the crime of fornication bars recovery in tort for injuries — being infected with herpes — resulting from that criminal act); *Miller v. Bennett*, 190 Va. 162 (1949) (wrongful death action against abortionist barred by decedent's consent to abortion or attempted abortion performed in violation of general anti-abortion statute).

If this were a simple suit by Jones to collect unpaid wages from the Town, then he would be precluded from recovering because he cannot profit from his own wrongdoing. He failed to reveal to the Town that he lacked the necessary certificates required by Virginia law to operate the Town's wastewater

treatment plant. He failed to disclose to the Town certain facts that would have prevented the Town from employing him and allowing him to operate the plant. Instead, he perpetrated a fraud on the Town, engaged in criminal conduct in doing so, and caused the Town to suffer a loss as a result.

The issue, then, is whether the substantive law of Virginia is superseded by the federal law — the FLSA. Neither party offered any authority directly on point. However, in the cases cited by both parties, it is clear that in an action under the FLSA, an employee who works unauthorized overtime or who falsifies overtime records has no cause of action. *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260 (5th Cir. 1986); *Burry v. National Trailer Convoy, Inc.*, 239 F. Supp. 85 (E.D. Tenn. 1963), *aff'd*, 338 F.2d 422 (6th Cir. 1964); *Wirtz v. Harrigill*, 214 F. Supp. 813 (S.D. Miss. 1963). These decisions imply to me that an employee should not be able to obtain overtime compensation when his wrongdoing goes right to the very nature of the work he has done.

This case is not the same as the undocumented alien seeking overtime compensation in *Patel v. Quality Inn South*, 846 F.2d 700 (11th Cir. 1988). Being an undocumented alien did not prevent the employee from providing the employer with the work the employer hired the employee to do. Being an undocumented alien did not prevent the employee from providing the employer with the work he expected. However, in this case, the failure of Jones to have the proper operator certificates prevented him from providing to the Town the complete and lawful services for which he was hired. The failure to have the proper certificates went to the essence of the employment. Under these circumstances, I hold that the Virginia law preventing an individual from profiting from his own wrongdoing should apply.

Jones's Alford pleas of guilty and his stipulation to the Commonwealth's evidence in the criminal case are sufficient to show the wrongdoing as described herein. The Commonwealth's evidence at the hearing where Jones entered his pleas is essentially the same as shown at the trial herein. I see no benefit to Jones because he entered an Alford plea and received the benefit of a deferred finding.

When Jones failed to raise the issue of alleged unpaid overtime at the restitution hearing, he waived his right to assert it now.

For the foregoing reasons, judgment is for the Town.