Present:  All the Justices

MARLON E. JOHNSON, ET AL.

OPINION BY JUSTICE A. CHRISTIAN COMPTON

v.  Record No. 982606                    November 5, 1999

CARLA M. CAMPBELL

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Thomas H. Wood, Judge

Plaintiffs Marlon E. Johnson and Kaheen Sandridge filed separate actions against defendant Carla M. Campbell seeking recovery of damages as the result of personal injuries allegedly received in a motor vehicle accident.  In virtually identical motions for judgment, consolidated for hearing below, the plaintiffs alleged they were injured while passengers in a motor vehicle negligently operated by defendant that left a highway in Augusta County shortly after midnight on August 13, 1997, and collided with a tree.

Responding, the defendant filed a grounds of defense, counterclaim, and motion to dismiss in each action.  The plaintiffs filed grounds of defense and demurrers to the counterclaims.

In the counterclaims, defendant made the following allegations.  During the hours preceding the accident, she participated with a group of young persons, including the plaintiffs, in a card game at a private residence.  The rules of

the game required a player who "lost" to consume a specific amount of beer.

Defendant was 17 years of age at the time and several other participants also were minors. Plaintiffs Johnson and Sandridge were 24 and 21 years of age respectively.

According to the allegations, the plaintiffs "encouraged" the minors, including the defendant, to consume beer and use marijuana, which they supplied to her, so that defendant's eyes became "red and she appeared to be under the influence of alcohol." Subsequently, plaintiffs "prevailed upon" defendant to drive her automobile with the plaintiffs as passengers. At the time of the accident, plaintiff Johnson "distracted her by making unwanted physical contact," causing her to lose control of the vehicle.

In the grounds of defense to the counterclaims and in responses to requests for admissions, the plaintiffs admitted they participated in the card game. However, they denied encouraging defendant to participate and denied supplying her with beer or marijuana.

In the motions to dismiss, the defendant asserted that plaintiffs' actions were barred because each "plaintiff's injury appears to arise as a consequence of his voluntary participation in an illegal act."

Subsequently, after considering argument of counsel on the issues raised in the pleadings, the trial court dismissed the motions for judgment and the counterclaims. The court concluded that the plaintiffs voluntarily participated with defendant in a card game involving the consumption of alcohol by all players, including the minor defendant. The court noted that simple possession of alcohol by a minor is unlawful. Code § 4.1-305(A). The court also noted that plaintiffs rode voluntarily with defendant on a trip for their mutual benefit after she had consumed alcohol, and that no person under the age of 21 may lawfully operate a motor vehicle after she has consumed any alcohol, Code § 18.2-266.1(A).

The trial court decided that violations of the foregoing statutes by a minor are acts of delinquency and that, by voluntarily participating with defendant in the commission of these acts, plaintiffs were guilty of contributing to her delinquency in violation of Code § 18.2-371. And, the trial court ruled as a matter of law that there was a "causal connection" between the illegal conduct and the accident requiring dismissal of the actions.

Upon the counterclaims, the trial court concluded that defendant's allegations show "she voluntarily operated a motor vehicle after consuming enough alcohol and marijuana to be a

3

contributing cause" of the accident, and that "[t]his amounts to assumption of risk as a matter of law."

The trial court employed an odd procedure; it treated the plaintiffs' demurrers to the counterclaims as motions to dismiss and the defendant's motions to dismiss as motions for summary judgment. Nevertheless, even though the procedure below was unusual, we can reach the merits of the appeal.

The primary appellate issue is whether the trial court erred in ruling that any illegal conduct in which the plaintiffs may have participated was a proximate cause of the alleged injuries as a matter of law.

Virginia permits the employment of the so-called "illegality" defense, which is based on the principle that a party who consents to and participates in an illegal act cannot recover damages from other participants for the consequences of that act. Lee v. Nationwide Mut. Ins. Co., 255 Va. 279, 282, 497 S.E.2d 328, 329 (1998); Zysk v. Zysk, 239 Va. 32, 34, 404 S.E.2d 721, 722 (1990); Miller v. Bennett, 190 Va. 162, 164-65, 56 S.E.2d 217, 218 (1949). The consent must be "freely given without fraud or duress." Zysk, 239 Va. at 34, 404 S.E.2d at 722. The main premise for the rule is "the idea that courts will not assist the participant in an illegal act who seeks to profit from the act's commission." Id.

4

Repeatedly, this Court has insisted that, before the defense can be successful, a causal relationship must be established between participation in the illegal act and the injuries or damage claimed.  For example, in Lee, in which we affirmed the trial court's enforcement of the defense and in which the requirement of causation was not an appellate issue, we noted that the trial court held that the plaintiff voluntarily consented to participation in the illegal act that "resulted" in his injuries.  255 Va. at 282, 497 S.E.2d at 329.

In Godbolt v. Brawley, 250 Va. 467, 463 S.E.2d 657 (1995), we discussed the illegality defense, although the case was decided on other issues.  We said that the participant's intentional criminal act was not "the direct cause" of his injury and that the facts of Godbolt differed from the facts in cases like Zysk and Miller in which there was a direct cause-and-effect link.  Godbolt, 250 Va. at 472, 463 S.E.2d at 660.

In Miller, the Court said that, when the illegality defense is applied in tort actions, the consent or participation in an unlawful act by plaintiff precludes recovery for injuries sustained "as a result of that act."  190 Va. at 165, 56 S.E.2d at 219.

We emphasize the requirement of direct causation, which the trial court recognized, because defendant on appeal argues that the injury need not be a proximate result of the illegal act.

5

Instead, defendant contends, the injury merely must be "an ultimate consequence" of the plaintiff's voluntary illegal acts. The defendant is wrong, whatever a standard of "ultimate consequence" may mean, for the reasons we have just outlined.

Turning to the question whether any unlawful conduct of the plaintiffs was a proximate cause of their alleged injuries as a matter of law, we conclude that the trial court erred in so ruling.

As a preliminary matter, we will assume without deciding that, contrary to the plaintiffs' contention, the requisite level of "participatory" illegal conduct by plaintiffs is present. At this stage of the proceedings, the facts are in dispute concerning whether the plaintiffs merely were present in the defendant's company or whether they bought alcohol for defendant, supplied alcohol to her, encouraged her to consume alcohol, or persuaded her to drive a motor vehicle. This issue must be decided upon a full development of the facts, but we will give the defendant the benefit of the doubt on this issue at this juncture of the cases.

Given the facts developed thus far, however, many of which are disputed, a jury question has been presented on the issue of proximate cause. For example, furnishing alcohol to defendant may be too remote an event to constitute proximate cause of the plaintiffs' injuries. See Williamson v. The Old Brogue, Inc.,

232 Va. 350, 353, 350 S.E.2d 621, 623 (1986) (individuals, drunk or sober, responsible for own torts and drinking intoxicant, not furnishing it, is proximate cause of injury). Indeed, the motions for judgment did not claim that defendant's alcohol consumption caused the accident; thus, at this stage of the proceedings, the trial court erred in making a causal connection between defendant's drinking and the accident. Also, if plaintiff Johnson distracted defendant "by making unwanted physical contact," as alleged, there is the factual question whether plaintiffs' prior illegal acts directly caused their alleged injuries. Consequently, we hold that the trial court should not have dismissed the motions for judgment.

Finally, defendant has assigned cross-error. She claims the trial court erred in dismissing the counterclaims. We agree. Even if the defendant drove the vehicle after using drugs and alcohol, as she alleges, and thus may have assumed the risk of injury, the question remains whether that conduct was a proximate cause of the accident in view of the disputed facts about what actually caused her to lose control of the vehicle. In other words, may a defendant assume the risk of "unwanted physical contact" by driving after consuming intoxicants?

Thus, the judgments of the trial court in these two cases will be reversed and the cases will be remanded for further proceedings on the motions for judgment and the counterclaims.

7

<u>Reversed and remanded</u>.