# CIRCUIT COURT OF THE CITY OF RICHMOND

Stephani Wimmer

v.

Vernal Green, Sr.

April 11, 2001

Case No. LE-2163-4

BY JUDGE MELVIN R. HUGHES

This matter is before the court on the defendant's Motion to Set Aside Jury Verdict. On December 19, 2000, a jury rendered a verdict for the plaintiff and against the defendant in the amount of $250,000. In his motion, the defendant asks that judgment be entered for the defendant or the verdict to be set aside as excessive or for remittitur.

The case arises out of a claim by plaintiff that defendant, an off duty City of Richmond deputy sheriff, assaulted her at a restaurant bar where defendant was providing private security. The evidence was in conflict over how an altercation leading to the plaintiff's becoming badly battered and bruised started. Plaintiff testified she was asked or taken outside and set upon by the defendant. Defendant testified that plaintiff initiated by striking him first. In the initial stage of the altercation, the evidence is essentially a one-on-one affair between plaintiff and defendant. Others who witnessed the fracas or the aftermath came to the parties later, after the conflict had been initiated.

The defendant first contends that the plaintiff is barred from recovering by the "illegality" defense. Virginia does recognize this defense which precludes a party who voluntarily participated in an illegal act from recovering damages from other participants for injuries incurred as a result of the illegal act. *See Johnson v. Campbell*, 258 Va. 453 (1999). The defendant submits that the evidence at trial showed that the plaintiff hit the defendant first and therefore voluntarily participated in the assault.

The defendant is correct that some testimony at trial indicated that the plaintiff hit the defendant first. There was also evidence, however, that the defendant struck the plaintiff first. The jury, as trier of fact, obviously believed the testimony indicating that the plaintiff did not strike the first blow. It is a well-established proposition that the court is not to substitute its judgment for the judgment made by a jury simply because the court might have reached a different verdict. *See Lane v. Scott*, 220 Va. 578 (1979). Because the jury determined that the plaintiff did not hit the defendant first, the illegality defense is not applicable. There are no grounds, therefore, to enter judgment for the defendant.

The defendant also argues that the verdict should be set aside as excessive. In his memorandum in support of the motion, the defendant notes that there was no testimony by medical experts regarding the injuries sustained by the plaintiff. The only evidence on this matter were photographs taken of the plaintiff's injuries and plaintiff's own testimony. The defendant notes that several witnesses testified that the plaintiff sustained injuries at the hands of people other than the defendant on the evening in question and no evidence was presented which would allow the jury to determine what injuries resulted from the defendant's conduct. Also, there were no medical bills submitted at trial and although the plaintiff testified that she was out of work for one year, no jury instruction was given regarding lost wages.

It is also a well-established proposition that a court should not ordinarily disturb a jury's verdict on damages. A verdict may be set aside under certain circumstances which include the following: "a damage award that is so excessive that it shocks the conscience of the court, creating the impression that the jury was influenced by passion, corruption, or prejudice; that the jury has misconceived or misunderstood the facts or the law; or, the award is so out of proportion to the injuries suffered as to suggest that it is not the product of a fair and impartial decision." *Poulston v. Rock*, 251 Va. 254, 258 (1996). None of those circumstances exist in this case.

The jury was provided with an instruction on damages which listed the following factors for its consideration in determining the amount of damages:

(1) any bodily injuries she sustained and their effect on her health according to their degree and probable duration;

(2) any physical pain, emotional distress, and mental anguish she suffered in the past and any that she may be reasonably expected to suffer in the future;

(3) any disfigurement or deformity and any associated humiliation or embarrassment;

(4) any inconvenience caused in the past and any that may be reasonably expected to occur in the future.

Damages are allowed to be based on the degree and duration of physical injuries as well as on pain and suffering. The above instruction, in conjunction with the photographs of the injuries and the plaintiff's testimony, supports the jury's damage award. There are no grounds, therefore, to set aside the verdict as excessive or to order remittitur.

For the foregoing reasons, Defendant's Motion to Set Aside Jury Verdict is overruled.