PRESENT:  Hassell, C.J., Lacy, Keenan, Kinser, Lemons, and Agee, JJ., and Stephenson, S.J.

THOMAS WESLEY PARSON, IV

v.  Record No. 052600   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                          November 3, 2006
ROBERT PATTON CARROLL


             FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
                     Samuel E. Campbell, Judge

     In this appeal, we consider whether the circuit court erred in awarding summary judgment in a defamation action to a defendant, who was a victim of several crimes, in an action brought by the perpetrator of those crimes who earlier pleaded guilty to the offenses under North Carolina v. Alford, 400 U.S. 25 (1970).  We review the circuit court's application of the doctrine of judicial estoppel in this procedural and factual context.

     Thomas Wesley Parson, IV, and Robert Patton Carroll became friends in 2001 through their involvement in church activities. Parson "took [Carroll] under his wing[]" and paid him to perform various tasks such as house cleaning and yard work.  In October 2004, Carroll informed his minister, Robin Jones, that Parson had made sexual advances toward Carroll.  At that time, Carroll was a minor about 16 years of age and Parson was 50 years old.

     Based on Carroll's complaint, the Commonwealth initiated criminal proceedings against Parson.  In November 2004, Parson

1

pleaded guilty to six counts of sexual battery. His guilty pleas were "Alford pleas," in which he asserted his innocence but stipulated that the evidence presented, if credible, was sufficient to convict him. See Alford, 400 U.S. at 37-38. At the time of Parson's guilty pleas and sentencing, the Commonwealth summarized the evidence it would have presented at trial:

> Around October of 2002, the defendant began to make sexual overtures to the victim and was touching him inappropriately at various times. He would also hit him with whips and riding props at various times.
>
> The victim's grandmother became sick and had a stroke in 2002. At this time the victim continued to go back to the defendant's house on a regular basis, although these things were happening to him. Because, number one, he was receiving an income from the jobs he was doing and he did need the money. And, number two, he still believed the defendant to be his friend.
>
> The victim went to the defendant's home around October . . . [2004,] when the defendant touched him inappropriately and the victim left and never went back.
>
> Subsequently, the victim told his minister who would also [have] testified today. And, also the Greensville County sheriff's department was called. Officer Chris Robinson investigated the matter and took statements from the individuals. Mr. Parsons [sic] never admitted that he ever touched the defendant in any inappropriate manner. But, the officer did find several riding props and whips in an umbrella stand as the victim had described.

The circuit court accepted Parson's Alford pleas and asked Parson if he would like to make a statement. Parson responded, "That, you know, everything was just so far in the past. This was years ago."

2

The circuit court sentenced Parson to 12 months in jail for each of the six counts of sexual battery and suspended the entire sentence. Additionally, the court imposed a fine of $200 for each offense.

Less than five months later, Parson brought a defamation action against Carroll.[1] Parson alleged that Carroll told Jones that Parson and Carroll "had engaged in various intimate, sexual, and/or illegal acts including: (a) [Carroll] rubbing lotion on [Parson's] body, (b) [Parson] whipping [Carroll] with a horse whip, his hand or with a stick, and (c) kissing each other." Parson further alleged that since March 27, 2004, Carroll related to other members of the community that Parson had assaulted Carroll and that Parson and Carroll had engaged in intimate or sexual activities. Parson asserted that Carroll's statements were false.

In his grounds of defense, Carroll admitted he told Jones that Parson had physically and sexually abused him. Carroll further admitted that he told "others" about Parson's illegal and abusive actions as part of the criminal investigation that ultimately led to Parson's conviction. Carroll asserted that all the statements he made regarding Parson were privileged and true.

---

[1] Prior to Parson's action, Carroll brought a civil action against Parson seeking monetary damages based on Parson's acts of sexual abuse.

3

Carroll later filed a motion for summary judgment. After conducting a hearing on the motion, the circuit court granted Carroll's motion, holding that Parson's Alford pleas barred the defamation action. The circuit court stated:

> The Court heard the criminal case, the Court took the plea . . . . There's no question in my mind that when you make an Alford plea, you admit that the evidence is so sufficient that you can't overcome it.
> . . . It's an admission of guilt when you're doing that, the Court makes a finding on that evidence that it's sufficient to find guilt. The Court finds that as a block, and the Court is granting the motion for summary judgment.

On appeal, Parson asserts that the circuit court erred in applying the doctrine of judicial estoppel based on his Alford pleas and the transcript containing those pleas to decide Carroll's summary judgment motion. In support of his argument, Parson relies on our decision in Bentley Funding Group, L.L.C. v. SK&R Group, L.L.C., 269 Va. 315, 609 S.E.2d 49 (2005). He argues that under the holding in Bentley Funding Group, the doctrine of judicial estoppel may be applied only when the position sought to be estopped is a position of fact, rather than a position of law. Parson argues that he did not make any factual concessions when entering his Alford pleas and that, therefore, the circuit court erred in relying on those pleas as concessions of fact in applying judicial estoppel to decide Carroll's summary judgment motion.

4

In response, Carroll asserts that the circuit court did not err in applying the doctrine of judicial estoppel, because the doctrine may be employed to prohibit a party from asserting a claim in a legal proceeding that is inconsistent with a position he has taken in an earlier legal proceeding. Carroll contends that Parson's position in the present defamation action contradicted his prior pleas of guilty in the criminal prosecution. We disagree with Carroll's arguments.

We first observe that a circuit court's decision granting a summary judgment motion is an extreme remedy. Klaiber v. Freemason Assocs., 266 Va. 478, 484, 587 S.E.2d 555, 558 (2003); Turner v. Lotts, 244 Va. 554, 556, 422 S.E.2d 765, 766 (1992). A circuit court may decide a case by summary judgment only when there are no material facts genuinely in dispute. Rule 3:20; Klaiber, 266 Va. at 484, 587 S.E.2d at 558; Thurmond v. Prince William Prof'l Baseball Club, Inc., 265 Va. 59, 64, 574 S.E.2d 246, 250 (2003). In this procedural context, the issue we determine is whether, through application of the doctrine of judicial estoppel, the Alford pleas Parson entered in the criminal prosecution resolved against him all material issues of fact in the defamation action.

The doctrine of judicial estoppel is well established in our jurisprudence. The purpose of this equitable doctrine is to protect the integrity of the judicial process and to guard it

5

from improper use.  See New Hampshire v. Maine, 532 U.S. 742, 749-51 (2001); Kaiser v. Bowlen, 455 F.3d 1197, 1203 (10th Cir. 2006); Stallings v. Hussmann Corp., 447 F.3d 1041, 1047 (8th Cir. 2006); Carroll v. United Compucred Collections, Inc., 399 F.3d 620, 623 (6th Cir. 2005); King v. Herbert J. Thomas Mem'l Hosp., 159 F.3d 192, 196 (4th Cir. 1998).

Under the doctrine of judicial estoppel, a party is prohibited from assuming successive positions in an action or a series of actions, regarding the same fact or state of facts, which are inconsistent with each other or are mutually contradictory.  Bentley Funding Group, 269 Va. at 325, 609 S.E.2d at 53-54; Lofton Ridge, LLC v. Norfolk S. Ry. Co., 268 Va. 377, 380-81, 601 S.E.2d 648, 650 (2004).  The fundamental requirement for application of the doctrine is that the party who is the object of the estoppel request must be assuming a position of fact, rather than a position of law, which is inconsistent with a stance that the same party has taken in a prior litigation.  Bentley Funding Group, 269 Va. at 326, 609 S.E.2d at 54; Lofton Ridge, 268 Va. at 382, 601 S.E.2d at 651; Lowery v. Stovall, 92 F.3d 219, 224 (4th Cir. 1996).

Here, the circuit court's application of the doctrine of judicial estoppel was based on its determination that Parson's Alford pleas "block[ed]," or barred, his defamation action.

6

This determination, however, reflects a misperception of the nature of the guilty pleas that Parson entered.

In Alford, the Supreme Court upheld the constitutionality of a guilty plea in which a criminal defendant did not admit his participation in the acts constituting the crime. 400 U.S. at 37-38. The Court explained that "while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty." Id. at 37. The Court stated that, therefore, "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." Id. Based on this holding in Alford, the courts in this Commonwealth in the exercise of their discretion have permitted criminal defendants who wish to avoid the consequences of a trial to plead guilty by conceding that the evidence is sufficient to convict them, while maintaining that they did not participate in the acts constituting the crimes. See e.g., Patterson v. Commonwealth, 262 Va. 301, 302 n.1, 551 S.E.2d 332, 333 n.1 (2001); Reid v. Commonwealth, 256 Va. 561, 563 n.1, 506 S.E.2d 787, 788 n.1 (1998); Zigta v. Commonwealth, 38 Va. App. 149, 151 n.1, 562 S.E.2d 347, 348 n.1 (2002); Perry v.

7

_Commonwealth_, 33 Va. App. 410, 412-13, 533 S.E.2d 651, 652-53 (2000).

At the time Parson entered his _Alford_ pleas to the several misdemeanor charges, the circuit court asked him, "Do you understand that because of [your] plea, you are admitting that all of the evidence could be sufficient to find you guilty of the amended charges, the misdemeanors?"  Parson replied, "Correct."  In addition, Parson's attorney stated that based on Parson's _Alford_ pleas, "[w]e would stipulate that the evidence as presented and if believable would have been sufficient."

By these representations in his criminal prosecution, Parson assumed a position of law, not a position of fact.  He conceded only that the evidence was sufficient to convict him of the offenses and did not admit as a factual matter that he had participated in the acts constituting the crimes.

This concession of law did not provide a basis for applying judicial estoppel in the present defamation action.  See _Bentley Funding Group_, 269 Va. at 325-26, 609 S.E.2d at 53-54; _Lofton Ridge_, 268 Va. at 382, 601 S.E.2d at 651; _The Pittston Co. v. O'Hara_, 191 Va. 886, 903-04, 63 S.E.2d 34, 43 (1951).  Moreover, judicial estoppel was not a proper remedy because Parson did not maintain a position of fact when he entered his _Alford_ pleas and, thus, his factual allegations in this defamation action did not represent an inconsistent or contradictory successive

8

position of fact.  See Calcote v. Fraser Forbes Co., 270 Va. 399, 406, 621 S.E.2d 403, 408 (2005); Bentley Funding Group, 269 Va. at 326, 609 S.E.2d at 54; Lofton Ridge, 268 Va. at 382, 601 S.E.2d at 651; Scales v. Lewis, 261 Va. 379, 383-84, 541 S.E.2d 899, 901-02 (2001).

Accordingly, we hold that the circuit court erred in applying the doctrine of judicial estoppel and that, as a result, the material factual allegations of Parson's motion for judgment remained in dispute at the time the circuit court decided Carroll's summary judgment motion.  Because the material facts of Parson's motion for judgment were still in dispute at this stage of the proceedings, the circuit court further erred in awarding Carroll summary judgment.[2]

Finally, we note that Carroll has cited in his brief a portion of our decision in Zysk v. Zysk, 239 Va. 32, 404 S.E.2d 721 (1990), in which we stated that "courts will not assist the participant in an illegal act who seeks to profit from the act's commission."  Id. at 34, 404 S.E.2d at 722.  In light of our holding, we do not reach the question whether, under Zysk, Parson's criminal acts bar him as a matter of law from recovering any damages in this defamation action.  That issue

---

[2] Based on our holding in this case, we do not consider Parson's additional contention that his Alford pleas and transcript of those pleas were not admissible under Code § 8.01-418 in this civil action.

may arise on remand of this case after the court has determined whether the allegedly defamatory statements concerned the same conduct to which Parson pleaded guilty.

For these reasons, we will reverse the circuit court's judgment and remand the case for further proceedings in accordance with the principles expressed in this opinion.

<u>Reversed and remanded.</u>