*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0101p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

JAMES CARROLL and ELEANOR CARROLL, on behalf
of themselves and all others similarly situated,
                                        *Plaintiffs-Appellees,*

          *v.*

UNITED COMPUCRED COLLECTIONS, INC. and A.B.
STINEMAN,

                                        *Defendants-Appellants.*

No. 03-5766

---

Appeal from the United States District Court
for the Middle District of Tennessee at Columbia.
No. 99-00152—John T. Nixon, District Judge.

Argued: August 6, 2004

Decided and Filed: March 2, 2005

Before: CLAY and GILMAN, Circuit Judges; O'MALLEY, District Judge.[*]

---

## COUNSEL

**ARGUED:** John B. Pinney, GRAYDON, HEAD & RITCHEY, Cincinnati, Ohio, for Appellants.
O. Randolph Bragg, HORWITZ, HORWITZ & ASSOC., Chicago, Illinois, for Appellees.
**ON BRIEF:** John B. Pinney, GRAYDON, HEAD & RITCHEY, Cincinnati, Ohio, for Appellants.
O. Randolph Bragg, HORWITZ, HORWITZ & ASSOC., Chicago, Illinois, Steven A. Taterka, LAW
OFFICE OF STEVEN A. TATERKA, Kingston Springs, Tennessee, for Appellees.

---

## OPINION

---

RONALD LEE GILMAN, Circuit Judge. James and Eleanor Carroll filed a class action
lawsuit against United Compucred Collections, Inc. and its president, A.B. Stineman (hereafter
referred to collectively as United), alleging violations of the Fair Debt Collection Practices Act
(FDCPA). After the Carrolls moved for class certification, United tendered them an offer of
judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. It simultaneously made an
offer of judgment to the members of the putative class, contingent upon the district court's

---

[*]The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting
by designation.

certification of that class. After the district court certified the class, United sought and was granted permission to file an interlocutory appeal of that ruling pursuant to Rule 23(f) of the Federal Rules of Civil Procedure.

United's primary contention on appeal is that its offer of judgment to the Carrolls, which exceeded the maximum recovery to which they are entitled under the FDCPA, made the entire case moot. The district court disagreed. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

The Carrolls filed their class action lawsuit against United in September of 1999, alleging violations of the FDCPA, 15 U.S.C. §§ 1692-1692o. According to the Carrolls, the language used in United's collection letters, including demands for "immediate payment" and to "send payment today," contradicted and overshadowed the statutory 30-day validation notice, in violation of the FDCPA. In April of 2000, the Carrolls filed a motion for class certification. The district court referred the motion to a magistrate judge, who issued a Report and Recommendation in November of 2002 that recommended that the district court certify the class.

Three months later, United made an offer of judgment to the Carrolls and to the putative class that equaled or exceeded the maximum recovery to which each was entitled under the FDCPA. *See* 15 U.S.C. § 1692k(a). The offer provided $1,100 to each individually named plaintiff and $10,000 for the class, based upon the statute's mandate that damages to an individual are capped at $1,000 and that damages to a class not "exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." United certified that its net worth was less than $1 million, making $10,000 the maximum class recovery. Costs and reasonable attorney fees were included in the offer as well. On January 30, 2003, before the Carrolls had accepted the offer, United moved to dismiss the Carrolls' complaint as moot. United's offer of judgment was accepted the following day by the Carrolls on behalf of themselves and the class.

The district court denied United's motion and adopted the magistrate judge's recommendation to certify the class. *Carroll v. United Compucred Collections, Inc.,* No. 1:99-0152, 2003 WL 1903266, at *1 (W.D. Tenn. Mar. 31, 2003) (unpublished). United then filed a petition for leave to appeal the class certification order pursuant to Rule 23(f) of the Federal Rules of Civil Procedure. A panel of this court granted United's petition in June of 2003.

## II. ANALYSIS

### A.      Standard of review

"We review a class certification decision for abuse of discretion." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003). "An abuse of discretion is present when the district court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Id.* (quotation marks omitted).

### B.      United is not estopped from claiming that the Carrolls mooted the claims of the putative class plaintiffs by accepting its offer of judgment

United made the following Offer of Judgment on January 22, 2003:

A.      The sum of One Thousand One Hundred Dollars ($1,100.00) for Plaintiff, James Carroll; and
        The sum of One Thousand One Hundred Dollars ($1,100.00) for Plaintiff, Eleanor Carroll; and

> Reasonable costs, including attorneys' fees and expenses, accrued on or before the date of the receipt of this Offer of Judgment in an amount to be determined by the Court.

> B.    *In addition, the sum of Ten Thousand Dollars ($10,000.00) for the members of the class if, and only if, a class is hereafter certified by order of the Court, after any appeals, in accordance with Rule 23, Federal Rules of Civil Procedure*; and [i]n such event, reasonable costs, including attorneys' fees and expenses, accrued subsequent to the receipt of this Offer of Judgment in an amount determined by the Court that reasonably relate to and arise from the proceedings in connection with class certification, class action settlement approval, distribution of proceeds to members of a certified class, appeals from orders relating to class certification and similar types of services or actions required as a result of certification of the class.

(Emphasis added.)

Eight days after making this offer, but before the Carrolls accepted, United moved to dismiss the Carrolls' complaint as moot. United argued that its offer of judgment, which was in excess of the amount that the Carrolls were entitled to recover individually under the FDCPA, mooted the Carrolls' claims prior to class certification. According to United, the Carrolls no longer had standing to proceed as representatives of the putative class. One day after United filed its motion to dismiss, the Carrolls accepted the offer of judgment on behalf of both themselves and the class, "[s]ubject to Court approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and notice to the class members."

The Carrolls argue that because the offer of judgment was made to the class, as well as to themselves individually, and because class certification was pending, United is estopped from challenging the Carrolls' ability to accept the offer of judgment on behalf of the class. Judicial estoppel protects "the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (citation omitted).

The Supreme Court has noted that the "circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle." *Id.* at 750 (quotation marks omitted). Three factors, however, have been identified by the Court as considerations for determining when judicial estoppel applies. These factors are as follows:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. . . .  A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.* at 750 (citations and quotation marks omitted).

Although the Court stated that "[i]n enumerating these factors, we do not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel," *id.* at 751, the second factor—that a court accepted the party's initial position—appears to be significant. Judicial estoppel seeks to preserve judicial integrity, and the Court has explained that "[a]bsent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent

court determinations, and thus poses little threat to judicial integrity." *Id.* at 750-51 (citation and quotation marks omitted). This court has similarly stated that

> before the doctrine of judicial estoppel may be invoked, the prior argument *must* have been accepted by the court. Although this limit allows parties to contradict themselves in court, it threatens only the integrity of the parties, not of the court.

*Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990) (emphasis added).

Aside from the Carrolls' inability to show that United took a "contrary position under oath in a prior proceeding," *id.,* United's offer of judgment contains "no admissions or findings of law or fact." *Id.* at 1219. "Judicial estoppel cannot apply without some decision or admission . . . as to whether [United] actually engaged in the alleged misconduct." *Id.* Applying the doctrine of judicial estoppel would therefore not be appropriate in the present case.

## C.    The interplay between Rule 68 and Rule 23 of the Federal Rules of Civil Procedure

Rule 68 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.

"The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985).

At issue in this appeal is the effect of a Rule 68 offer of judgment in a case where class certification is pending but has not yet been granted. United argues that once it made an offer of judgment to the Carrolls that equaled or exceeded the statutory maximum recovery, their claims were satisfied and the case was therefore rendered moot. According to United, subject matter jurisdiction no longer existed and the case should have been dismissed. United, however, made its offer of judgment not only to the Carrolls, but also to the putative class.

This court has held that "[s]ettlement of a plaintiff's claims moots an action." *Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993) (quotation marks omitted). In so holding, the *Brunet* court recognized that

> special mootness rules exist for class actions. *Once a class is certified*, the mooting of the named plaintiff's claim does not moot the action, and the court continues to have jurisdiction to hear the merits of the action if a controversy between any class member and the defendant exists. Where, on the other hand, the named plaintiff's claim becomes moot *before* certification, dismissal of the action is required.

*Id.* (citation omitted) (emphasis in original). Despite the broad language quoted above, the *Brunet* court in fact distinguished between cases that are settled before a motion for class certification is filed and cases where a settlement offer is made to a named plaintiff while a motion for class certification is pending. "If a tender made to the individual plaintiff while the motion for certification is pending could prevent the courts from ever reaching the class action issues, that opportunity is at the mercy of a defendant, even in cases where a class action would be most clearly appropriate." *Id.* at 400 (quotation marks omitted). Although *Brunet* did not involve a Rule 68 offer

of judgment or the FDCPA, the court suggested that it would be inappropriate to hold that a case was mooted by a settlement offer made to a named plaintiff when a motion for class certification was pending.

Here, not only had a motion to certify the class been filed and fully briefed, but a Report and Recommendation had been issued by the magistrate judge recommending that a class be certified. In addition, United's offer of judgment was made to both the individual plaintiffs *and* the members of the putative class, if certified. Under these circumstances, we conclude that the district court properly denied United's motion to dismiss the complaint as moot, and find that denial of that motion was wholly consistent with the position taken by this court in *Brunet*.

**D.     Class treatment of this FDCPA suit is superior to individual litigation**

To maintain a class action, the district court must find, among other things, "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). United's final argument is that class-action treatment of the FDCPA claims of the Carrolls and the putative class members is not the superior means of adjudicating these claims because the approximate amount that could be recovered by each of the estimated 164 members of the putative class would only be $60.

The Supreme Court, however, has reached the opposite conclusion, reasoning that

> [t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (quotation marks omitted). United's argument that a class action suit is not the superior means to resolve these FDCPA claims is thus without merit.

### III.  CONCLUSION

Because United has raised only the "mootness" question and the "superior methods" issue, we have no need to analyze any of the other traditional factors that would normally be considered regarding class certification. We agree with the district court's disposition of the two issues raised by United. For this reason, we **AFFIRM** the judgment of the district court that grants the Carrolls' motion for class certification and **REMAND** the case for further proceedings consistent with this opinion.