SUTTON, Circuit Judge,
dissenting.
This injunction action is moot by any conventional measure. The eleven plaintiffs filed this class action in order to obtain determinations about whether they are eligible to obtain Medicaid benefits. Before the court certified the proposed class, the plaintiffs obtained a commitment from the State, through a bargained-for agreement between the parties, that the State would provide each of the named plaintiffs and 100 others of the plaintiffs’ choosing with an eligibility determination. The State delivered on its promise. All eleven named plaintiffs received that determination and now all eleven are obtaining Medicaid benefits. The 100 other individuals obtained the sought-after determinations, and the vast majority of them now are receiving Medicaid benefits. (The others were not fully processed beeausé the State had not received the proper documentation.) The plaintiffs asked and now have received. Because the plaintiffs received all of their requested injunctive relief before class certification, the case is moot. Alvarez v. Smith, 558 U.S. 87, 92-94, 130 S.Ct. 576, 175 L.Ed.2d 447 (2009); Pettrey v. Enter. Title Agency, Inc., 584 F.3d 701, 703 (6th Cir.2009).
Neither the court nor “[t]he parties ... dispute that all eleven named plaintiffs’ individual claims became moot before the district court certified the class.” Supra at 942. The court offers two alternative grounds for nonetheless saving the case. With respect, I am not persuaded.
1. The first is that the “inherently transitory” nature of these claims keeps any mootness problems at bay. To meet this test, however, the claims must be so “fleeting” that “no plaintiff [will] possess[ ] a personal stake in the suit” long enough for the trial court “to rule on a motion for class certification.” Genesis Healthcare Corp. v. Symczyk, — U.S.-, 133 S.Ct. 1523, 1531, 185 L.Ed.2d 636 (2013). The cause of action in other words must moot itself due to some inherent time limit in the nature of the claims that expires before class certification. Accord County of Riverside v. McLaughlin, 500 U.S. 44, 47-48, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). These Medicaid requests, however, will remain as alive as ever until the State processes the plaintiffs’ applications — until, that is, the plaintiffs get what they asked for.
What makes these claims inherently transitory, the court responds, is uncertainty over whether the claims will remain pending through class certification — uncertainty sparked by the possibility in this case (and in any other) that the defendant will grant the relief requested. Yet that is not what makes a claim “inherently,” as opposed to potentially, transitory. To inhere in something is to “exist as a permanent, inseparable, or essential attribute” of it. Black’s Law Dictionary 902 (10th ed. 2014). As Genesis explains, inherently transitory claims are ones where “no plaintiff” will retain a live claim long enough to reach class certification. 133 S.Ct. at 1531. The question is whether the claim has a built-in expiration date. See Susman v. Lincoln Am. Corp., 587 F.2d 866, 870 (7th Cir.1978). That is not this claim, and it is not this case.
2. As an alternative explanation for saving this case, the court invokes a “picking off’ exception to mootness. The idea is that defendants should not be able to *960 avoid class actions by intentionally mooting the named plaintiffs’ claims. But this consideration applies after the district court has ruled on a class-certification motion. See Deposit Guar. Nat’l Bank v. Roper, 445 U.S. 326, 339-40, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980).
That is not this case. Whatever the merits of this debate one way or another before a district court rules on a class-certification motion, I doubt that it is advanced by pejorative or euphemistic labels. One person’s “picking off’ may be another person’s “making whole.” Civil Rule 68 indeed encourages the “picking off’ and “making whole” of claims. It says that, if a plaintiff rejects a defendant’s offer of judgment under Rule 68 and later receives a smaller award at trial, the plaintiff “must pay the costs” the defendant “incurred after the offer was made.” Fed.R.Civ.P. 68(d). The point is to ineentivize settlement, to deter protracted litigation, and in the process to advance Rule l’s goal of the “just, speedy, and inexpensive” resolution of “every action and proceeding.” See Marek v. Chesny, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). In the mine run of disputes with several alleged victims, it seems just as likely that the defendant who promptly offers to make claimants whole will encourage more claimants to file as not — if there is something to the claims. That is particularly so in cases like this one, where the plaintiffs may obtain attorney’s fees if they prevail. See 42 U.S.C. § 1988. Yet if no other claimants step up to the plate, it is fair to ask whether the dispute calls for class action resolution, especially when fees remain available to encourage private enforcement of individual claims. How at any rate will named plaintiffs, once made whole, be adequate, to say nothing of good and productive, representatives of a class of individuals who have not received their hearings? Labels do not answer these questions in the context of a mootness inquiry that arises before the district court rules on a class-certification motion.
“Picking off” is an especially unhelpful label in this case. The State did not limit its offer and provision of relief to the eleven named plaintiffs. It offered relief to those plaintiffs and 100 others of the plaintiffs’ choosing. If that is evidence of the State’s “actual motive” in the case, supra at 950, it would seem to be evidence of a good motive, not a bad one.
The court overstates in maintaining that our circuit has already established a “picking off” exception that saves this kind of case and others like it from mootness. Brunet v. City of Columbus, 1 F.3d 390, 400 (6th Cir.1993), says that “[s]ome courts” in other circuits have adopted this exception but that, even if such an exception did exist, it would not apply on the facts at issue there. Carroll v. United Compucred Collections, Inc., 399 F.3d 620, 625 (6th Cir.2005), holds only that a Rule 68 offer of judgment does not moot a class action after a “Report and Recommendation ha[s] been issued by the magistrate judge recommending that a class be certified.” No such ruling occurred here. Nor did Blankenship v. Secretary of Health, Education, and Welfare, 587 F.2d 329 (6th Cir.1978), a case that predates Roper and Genesis, establish a broad picking-off exception in its one-paragraph analysis, as our later cases reveal.
I agree with the majority that class action issues like these present “considerable complexities].” Supra at 944 n. 2. For that reason, I would prefer to stick closely to our precedent and wait for further guidance from the Supreme Court before adding new mootness exceptions in this area.
The majority seeing things differently, I respectfully dissent.