COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Malveaux and Causey

ODELL CLEAVEN MINES, JR.

v.      Record No. 1090-21-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 1, 2022

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Thomas J. Wilson, IV, Judge

(David R. Martin; Law Office of David R. Martin, PLLC, on brief),
for appellant.  Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Liam A. Curry, Assistant
Attorney General, on brief), for appellee.

Odell Cleaven Mines, Jr., appeals from the judgment of the trial court revoking a portion of

his previously suspended sentence.  Mines contends that the trial court abused its discretion by

revoking his suspended sentence and imposing one year of active incarceration because it "ignored

significant relevant mitigating factors."  After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a).  We affirm the trial court's judgment.

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed

unless there is a clear showing of abuse of discretion.'"  *Jacobs v. Commonwealth*, 61 Va. App.

529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).  "The evidence is

considered in the light most favorable to the Commonwealth, as the prevailing party below."  *Id.*

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In 2012, as part of an agreed disposition, Mines entered an *Alford*[1] plea to possession of a firearm by a nonviolent felon. Consistent with the terms of the written agreement, the trial court sentenced Mines to five years' incarceration, with three years suspended. Among the conditions of the suspended sentence was that Mines complete two years of supervised probation.

The trial court revoked and resuspended the sentence, in part, in 2015 and again in 2019.[2] Mines returned to supervised probation on March 24, 2020.

In November 2020, Mines's probation officer reported that Mines had violated the terms and conditions of his suspended sentence. The probation officer alleged that Mines failed to report for a substance abuse and mental health evaluation and ultimately tested positive for cocaine and marijuana. Mines also failed to report for two scheduled appointments with the probation officer. The trial court issued a capias on December 11, 2020. On September 5, 2021, the probation officer filed an addendum, stating that Mines had absconded from supervision for over six months until his arrest on the outstanding capias on June 1, 2021.

Following several continuances, Mines appeared for a revocation hearing on September 30, 2021. At the hearing, Mines stipulated that he had violated the terms and conditions of his suspended sentence. Mines testified that after his release from incarceration on March 24, 2020, he returned home to Hanover County. Two days later, his mother passed away. Mines resumed using

---

[1] "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). *Alford* pleas allow "criminal defendants who wish to avoid the consequences of a trial to plead guilty by conceding that the evidence is sufficient to convict them, while maintaining that they did not participate in the acts constituting the crimes." *Carroll v. Commonwealth*, 280 Va. 641, 644-45 (2010) (quoting *Parson v. Carroll*, 272 Va. 560, 565 (2006)).

[2] Although the trial court originally ordered Mines to successfully complete the Community Corrections Alternative Program, he was found ineligible for the program because of acute mental health concerns. In April 2020, the trial court entered an amended revocation order releasing Mines from the Community Corrections Alternative Program and suspending his sentence for all but time served of the revoked sentence.

drugs around that time. Mines stated that when he was released, he went to the Buckingham probation office but they did not have his files and instructed him to contact Harrisonburg probation. Mines said he called Harrisonburg on March 24 but then his mother passed away that weekend. He said the probation officer contacted him by phone the following week and he had maintained contact with probation. He clarified that he maintained contact with probation in Hanover County because he was not a resident of Harrisonburg. Mines acknowledged that he missed "a couple" of appointments with his probation officer but claimed that he had maintained contact with his probation officer by telephone.

At the time of the revocation hearing, Mines was incarcerated for a matter in another jurisdiction. Mines had been ordered to participate in an intensive outpatient substance abuse program upon his release. Mines testified that he intended to obtain a landscaping job and live in Hanover County with his fiancée. Eventually, however, he wanted to move and "[g]et away from the . . . environment" to have a fresh start.

In rebuttal, the Commonwealth presented evidence that Mines had not maintained contact with his probation officer as he claimed. Records reflected that in January 2021, Mines's probation officer tried to call him, but the phone number "had been changed or disconnected." The probation officer then mailed Mines a letter, instructing him to report to the office on a certain date; Mines failed to appear. When Mines did not report, the probation officer went to his address, but was told that Mines had not lived there for months. The probation records revealed that Mines had not contacted his probation officer since.

The trial court found that Mines had violated the terms of his suspended sentence and expressly found he had absconded from supervised probation. The trial court revoked Mines's two-year suspended sentence and resuspended one year. Mines appeals.

ANALYSIS

Mines argues that the trial court abused its discretion in revoking his previously suspended two-year sentence and resuspending one year. He acknowledges that the trial court had the discretion to weigh any mitigating factors presented. Mines asserts that the trial court "disregarded" certain mitigating circumstances, including his bereavement and the "intensive outpatient treatment program" that he had to complete for the other jurisdiction.

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Under the revocation statute in effect when this revocation proceeding began, once the trial court found that Mines had violated the terms of the suspension, it was obligated to revoke the suspended sentence and it was in "full force and effect." Code § 19.2-306(C)(ii) (Cum. Supp. 2020).[3] The trial court was permitted—but not required—to resuspend all or part of the sentence. *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

Mines stipulated that he had violated the conditions of his suspended sentence. Thus, the trial court had sufficient cause to revoke the suspended sentence. *See* Code § 19.2-306(A), (C) (Cum. Supp. 2020). In considering whether to resuspend some or all of the revoked sentence, it was within the trial court's purview to weigh any mitigating factors Mines presented, including his bereavement and obligation to complete intensive drug treatment. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Balanced against those mitigating circumstances,

---

[3] Although Code § 19.2-306(C) was amended effective July 1, 2021, Mines does not argue that the statutory amendment applied in his case and this Court recently held that it did not apply when, as here, the probation violations occurred and the revocation proceeding began before the effective date of the amendment. *See Green v. Commonwealth*, 75 Va. App. 69, 79-80, 84 n.4 (2022).

- 4 -

however, were Mines's failure to comply with probation by absconding, his continued drug use, and the fact that the instant proceedings were the third revocation of the suspended sentence.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Considering Mines's repeated violations of the conditions of his suspended sentence, the trial court reasonably concluded that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)).

"For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. Mines failed to make productive use of the grace that had been extended to him repeatedly. Having reviewed the record, we hold that the sentence the trial court imposed represents a proper exercise of discretion under the circumstances of this case. *See Alsberry*, 39 Va. App. at 321-22 (finding that the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity"); *see also Brittle v. Commonwealth*, 54 Va. App. 505, 520 (2009) (affirming the court's imposition of a five-year sentence with three years suspended for third offense larceny because the sentence was "not excessive on its face").

To the extent that Mines argues that his sentence was disproportionate, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within

the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)).  *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

CONCLUSION

Upon review, we hold that the sentence imposed represents a proper exercise of the trial court's discretion.  Accordingly, the trial court's judgment is affirmed.

*Affirmed*.