# COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges AtLee and Friedman

CORY DEON COATES

v.     Record No. 0587-22-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JANUARY 24, 2023

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Victoria A.B. Willis, Judge

(Jennifer T. Stanton, Senior Appellate Attorney; Indigent Defense
Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; John Beamer, Assistant
Attorney General, on brief), for appellee.

After Cory Deon Coates entered guilty pleas under *North Carolina v. Alford*, 400 U.S. 25
(1970), and executed a plea agreement, the trial court convicted him of four counts of aggravated
sexual battery involving his biological teenage daughter. The trial court sentenced him to eighty
years' incarceration, with fifty years suspended, meaning he had thirty years of active time. Coates
contends that his total active sentence was excessive and that the trial court did not properly
consider his mitigating evidence. After examining the briefs and record in this case, the panel
unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."
Code § 17.1-403(ii)(a); Rule 5A:27(a). For the reasons stated below, we affirm the trial court's
judgment.

---

*Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).[1]

Following the discovery that Coates had been sexually abusing his fifteen-year-old daughter, M.C., for several years, Coates was charged with three counts of incest with his biological child between the ages of thirteen and seventeen, and three counts of taking indecent liberties with a family member between the ages of fifteen and seventeen. On January 7, 2021, Coates executed a written plea agreement whereby he agreed to enter *Alford* pleas to four counts of aggravated sexual battery. In exchange for the pleas, the Commonwealth agreed to *nolle prosequi* the remaining charges.[2]

At the plea hearing, the Commonwealth proffered that M.C. reported during a forensic interview that Coates had sexually assaulted her several times on January 24, 2020, and he had been sexually abusing her for several years. The events leading to the charges occurred on January 24, 2020. That afternoon, Coates entered M.C.'s bedroom and closed the door behind him. Removing her pants, he partially undressed and "put his 'guy thing' into her 'lady parts.'" M.C. stated that "[i]t hurt" and "she put her hand over her face and closed her eyes." When she

---

[1] Portions of the record in this case were sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues Coates has raised. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

[2] *Alford* pleas allow "criminal defendants who wish to avoid the consequences of a trial to plead guilty by conceding that the evidence is sufficient to convict them, while maintaining that they did not participate in the acts constituting the crimes." *Carroll v. Commonwealth*, 280 Va. 641, 644-45 (2010) (quoting *Parson v. Carroll*, 272 Va. 560, 565 (2006)).

told her father to "stop," "he pinned her against the wall," warning her "never to tell him 'no' again." M.C.'s mother, unaware of what was taking place, interrupted the incident when she knocked on the door.

Later that day, Coates approached M.C. as she lay on the living room couch. He "put[] his penis in her vagina" and moved it "in and out." M.C. stated that her father was "spitting on his thing." Coates stopped when he heard someone approach.

After dinner, he returned to M.C.'s bedroom in his boxers. He grabbed her by the arm and removed her pants, slapping her hand away when she attempted to pull them back up. During this attack, Coates inserted his penis and fingers in her vagina. The incident ended when M.C.'s mother knocked on the door. Upon entering the bedroom, M.C.'s mother found M.C. "sitting on the corner of the bed, pale, and rocking back and forth." M.C. finally revealed to her mother that Coates had been sexually abusing her since she was twelve years old. They reported the abuse to the authorities.

When questioned by the police, Coates said that his semen might be on M.C.'s sheets because he sometimes slept in her bed and occasionally "leak[ed]." Forensic testing proved that Coates could not be eliminated as a contributor to sperm recovered from M.C.'s thighs and external genitalia.

Following an extensive and thorough colloquy, the trial court accepted Coates's *Alford* pleas and convicted him of four counts of aggravated sexual battery. Coates underwent a psychosexual examination which was submitted to the trial court before sentencing. In the report, the psychologist expressed concern that Coates would be able to comply with the restrictions typically imposed on registered sex offenders upon their release based on his failure to comply with past protective orders. She also noted that Coates denied any sexual contact with

his daughter and maintained that they were simply "wrestling." Coates maintained he had "done nothing wrong" and did not require treatment.

At the sentencing hearing, M.C.'s mother and older brother testified on behalf of the Commonwealth. M.C.'s mother testified that she had been a victim of domestic violence at Coates's hands on three occasions before M.C.'s sexual assaults. She testified that both she and M.C. feared for their safety around Coates. M.C.'s brother testified that, before the charged incidents, M.C. had revealed she feared Coates, prompting her brother to suspect Coates was molesting her. When her brother confronted Coates, Coates "cursed [him] out," and her brother moved out of the house. M.C.'s brother testified that he believed his sister's account and told Coates that he had "ruined" his family's lives.

At the conclusion of the sentencing hearing, Coates emphasized that he had entered an *Alford* plea to spare his family further pain. He argued that he did not pose a threat to the general public, stressing he had no "significant criminal history" and, based on his psychosexual examination, he presented only an "average" risk of reoffending upon release from incarceration. Coates maintained that the issue was whether he posed a threat to his family and urged the trial court to incarcerate him only until the children were adults and impose probation thereafter. He asked that the trial court impose a sentence between two to six years. During his allocution, Coates did not admit he had sexually abused M.C. Instead, he reiterated that he "wrestled" with her, as he did with his other children.

After hearing testimony and argument, the trial court emphasized that, while Coates had pleaded guilty, his pleas were to less serious charges than those he faced initially. The trial court expressed concern that the psychosexual evaluation concluded Coates had failed to accept responsibility for his actions or appreciate the harm inflicted on his daughter. The trial court noted that Coates failed to recognize in his allocution the consequences of his actions on his

family.  It also noted that Coates showed no emotion, while his son, who was clearly hurting, testified.  Stressing that the family had been "decimated" by Coates's offenses, the trial court found that no sentence would be sufficient to "put all of the pieces back together again" and that an upward departure from the sentencing guidelines was appropriate.  Accordingly, the trial court sentenced Coates to a total of forty years' incarceration on two of the aggravated sexual battery charges, with twenty years suspended.  On the third and fourth aggravated sexual battery charges, it sentenced him to a total of forty years' incarceration, with thirty years suspended. The trial court imposed a total active sentence of thirty years' incarceration.  Coates now appeals.

## ANALYSIS

Coates contends that the trial court erred in sentencing him to a total active term of thirty years' incarceration.  He maintains that the trial court "failed to give significant weight to [his] remorse," while placing too much weight on the psychosexual report and the impact of the offenses on the victim.  Coates also asserts that the trial court "improperly held his [*Alford*] plea against him by imposing a sentence well beyond the high end of the guidelines because it improperly viewed [him] as failing to take responsibility for the offenses."  He argues that the trial court failed to consider "his personal circumstances," such as his lack of education and the impact of his divorce.  Coates also claims that the trial court ignored his expressed remorse for the damage "this ha[d] done to his family."  Moreover, he contends that the trial court did not consider adequately the psychosexual report finding that he presented "only an average risk for recidivism."  In short, Coates asserts that his sentence was "overly harsh" because "[w]hat [he] really lacks is good life-coping skills."  We disagree.

"We review the trial court's sentence for abuse of discretion."  *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011).  "[W]hen a statute prescribes a maximum imprisonment penalty and

- 5 -

the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).  It was within the trial court's purview to weigh the totality of the mitigating circumstances when fashioning a sentence.  *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).  "Criminal sentencing decisions are among the most difficult judgment calls trial judges face."  *Minh Duy Du*, 292 Va. at 563.  "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case."  *Id.*

Here, the sentences the trial court imposed were within the range set by the legislature for Coates's offenses.  *See* Code § 18.2-67.3(B).  Coates had a history of domestic violence and failure to comply with protective orders.  He pleaded guilty to aggravated sexual battery only after irrefutable DNA evidence proved his semen was on his daughter's genital area.  As the aggravated sexual battery charges carried a sentencing range of one to twenty years, rather than the five-to-twenty-year range for the original incest charges, the trial court could rationally infer that Coates pleaded guilty to lesser charges in the hope of a more lenient sentence rather than out of remorse for his actions.  Despite overwhelming evidence of his guilt, he refused to assume responsibility for his actions or express remorse for the damage he had done to his daughter and family, damage that the trial court characterized as a "life sentence" for his daughter.  As the trial court noted, Coates showed "no emotion" during his son and ex-wife's testimony about the impact of his offenses.  Based on the record, the trial court did not abuse its discretion by sentencing him to a total of eighty years' incarceration, with fifty years suspended.

## CONCLUSION

For the reasons stated above, the trial court's judgment is affirmed.

*Affirmed.*