COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Causey and Friedman
Argued at Norfolk, Virginia

JOSEPH RYAN ALVEY

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0194-22-1                      JUDGE FRANK K. FRIEDMAN
                                                    JANUARY 31, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

Michelle C.F. Derrico, Senior Assistant Public Defender (Virginia
Indigent Defense Commission, on briefs), for appellant.

Susan Hallie Hovey-Murray, Assistant Attorney General (Jason S.
Miyares, Attorney General; Robin M. Nagel, Assistant Attorney
General, on brief), for appellee.


Joseph Ryan Alvey appeals from the judgment of the trial court revoking his previously

suspended sentences and imposing two years and six months of active incarceration. Alvey

contends that the trial court abused its discretion by revoking his suspended sentences and

resuspending only five years and six months. We affirm the trial court's judgment.

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed

unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App.

529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is

considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In 2014, as part of a written plea agreement, Alvey pleaded guilty to two counts of forgery. The trial court convicted Alvey and sentenced him to a total of ten years' incarceration with eight years suspended.

In October 2019, Alvey's probation officer reported that Alvey violated the terms and conditions of his suspended sentences by failing to report to appointments with his probation officer and by travelling to North Carolina without permission. Additionally, Alvey told his probation officer that he was receiving substance abuse treatment but never reported to the treatment center. Alvey admitted that he used cocaine and heroin, and on two occasions, tested positive for cocaine and opiates.

During Alvey's probationary period, a North Carolina court convicted Alvey of financial card fraud and possession of stolen goods.[1] In addition, the Circuit Court of the City of Virginia Beach convicted Alvey of petit larceny and obtaining money by false pretenses, third offense.[2] On November 1, 2019, the trial court issued a capias for Alvey's arrest.

At the January 20, 2022 revocation hearing, Alvey admitted to violating the terms of his suspended sentences. Alvey proffered that he never moved to North Carolina, he was living in Virginia Beach, had family in the area, and only travelled to North Carolina to work. During allocution, Alvey stated that he had never participated in any drug rehabilitation program and

---

[1] Alvey entered an *Alford* plea to the possession of stolen goods charge. "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). *Alford* pleas allow "criminal defendants who wish to avoid the consequences of a trial to plead guilty by conceding that the evidence is sufficient to convict them, while maintaining that they did not participate in the acts constituting the crimes." *Carroll v. Commonwealth*, 280 Va. 641, 644-45 (2010) (quoting *Parson v. Carroll*, 272 Va. 560, 565 (2006)).

[2] The Circuit Court of the City of Norfolk also charged Alvey with attempting to obtain money/property by false pretenses, two counts of obtaining money/property by false pretenses, and three counts of uttering.

requested that the trial court order him to attend drug court. He further stated that he took full responsibility for his actions, had been "straight" for two years, and was "trying to turn over a new leaf in [his] life."

The Commonwealth asked the trial court to consider the discretionary sentencing guidelines prepared under the law in effect when Alvey first violated his probation.[3] Alvey requested that the trial court sentence him to the low end of the discretionary sentencing guidelines that were prepared according to the law in effect at the time of the revocation hearing.

The trial court found Alvey had violated the terms of his suspended sentences and revoked them in their entirety. In departing from the discretionary sentencing guidelines, the trial court found that the "guidelines [were] too low," noting Alvey's new offenses and his "terrible prior record." The trial court resuspended five years and six months of the sentences, imposing an active sentence of two years and six months. This appeal followed.[4]

## ANALYSIS

Alvey argues that the trial court abused its discretion by revoking his previously suspended sentences and imposing an active sentence of two years and six months. He asserts that the trial

---

[3] In 2021, the legislature enacted Code § 19.2-306.1, which modified the calculation of recommended sentences in discretionary sentencing guidelines. *See* 2021 Va. Acts Spec. Sess. I ch. 538. In this case, the discretionary sentencing guidelines prepared before July 1, 2021, recommended a sentencing range between two years and three years. The discretionary sentencing guidelines prepared after July 1, 2021, recommended a sentencing range between six months and one year and six months. The trial court's sentencing revocation report suggests that the latter guidelines were employed but that the court departed from them.

[4] We note that the Commonwealth submitted supplemental authority regarding the adequacy of Alvey's notice of appeal on the eve of oral argument. "The doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest ground available.'" *Commonwealth v. Swann*, 290 Va. 194, 196 (2015) (quoting *McGhee v. Commonwealth*, 280 Va. 620, 626 n.4 (2010)). We find that "resolution of the merits constitutes the best and narrowest ground" for decision in this case. *McDaniel v. Commonwealth*, 73 Va. App. 299, 317 n.6 (2021) (quoting *Abdo v. Commonwealth*, 64 Va. App. 468, 473 n.1 (2015)). Thus, pursuant to Rule 5A:4A, we decline to consider the supplemental authority contained in the Commonwealth's eleventh-hour filing in this matter.

court "fail[ed] to give proper weight to mitigating evidence," including maintaining employment during his probation, his support from his family, and the two years he abstained from drug use while he was incarcerated. Alvey also asserts that the trial court did not properly consider that he successfully completed five months of probation and that this was his first violation. He concludes that the trial court abused its discretion because it "placed too much weight" on his past record, "gave improper weight to expired guidelines," and failed to consider "current sentencing guidelines."

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Under the revocation statute in effect when this revocation proceeding began, once the trial court found that Alvey had violated the terms of the suspension, it was obligated to revoke the suspended sentences. Code § 19.2-306(C)(ii) (Cum. Supp. 2020).[5] The trial court was permitted—but not required—to resuspend all or part of the sentences. *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

Alvey admitted that he violated the terms of his suspended sentences. Thus, the trial court had sufficient cause to revoke the suspended sentences. *See* Code § 19.2-306(A), (C). In considering whether to resuspend some or all of the revoked sentences, it was within the trial court's purview to weigh any mitigating factors Alvey presented, including his assumption of

_____

[5] Although Code § 19.2-306(C) was amended effective July 1, 2021, Alvey does not argue that the statutory amendment applied in his case and this Court recently held that it did not apply when, as here, the probation violations occurred and the revocation proceeding began before the effective date of the amendment. *See Green v. Commonwealth*, 75 Va. App. 69, 84 n.4 (2022). Moreover, the record establishes that Alvey violated his probation by incurring new criminal charges and convictions in various jurisdictions. The new statutory framework, like the old, grants the trial court discretion to impose the balance of a previously suspended sentence when, during the suspension period, a probationer "has violated another condition other than (i) a technical violation or (ii) a good conduct violation that did not result in a criminal conviction." *See* 2021 Va. Acts Spec. Sess. I ch. 538; Code § 19.2-306.1(B).

- 4 -

responsibility for his misconduct, his five months of successful probation, and the two years during which he abstained from substance abuse while incarcerated. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Alvey also provided that he was employed during his probation and had strong family support in the Virginia Beach area. Balanced against those mitigating circumstances, however, was Alvey's failure to report to his probation officer, his decision to travel to North Carolina without his probation officer's permission, and his four new criminal convictions. The trial court considered that Alvey failed to report for substance abuse treatment and was dishonest with his probation officer about obtaining such treatment. Meanwhile, Alvey continued using controlled substances as evidenced by testing positive for opiates and cocaine and admitting to using cocaine and heroin.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Considering Alvey's multiple violations of the conditions of his suspended sentences, the trial court reasonably concluded that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)).

"For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. Alvey repeatedly failed to make productive use of the grace that had been extended to him. Having reviewed the record, we hold that the sentence the trial court imposed was not an abuse of discretion under the circumstances of this case. *See Alsberry*, 39 Va. App. at 322 (finding that

the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity"); *see also Brittle v. Commonwealth*, 54 Va. App. 505, 520 (2009) (affirming the court's imposition of a five-year sentence with three years suspended for third offense larceny because the sentence was "not excessive on its face").

The probation violation guidelines, like the standard sentencing guidelines, "are not binding on the trial judge; rather, the guidelines are merely a 'tool' to assist the judge in fixing an appropriate punishment." *Belcher v. Commonwealth*, 17 Va. App. 44, 45 (1993). The trial court explained its departure from the guidelines on the worksheet using the new guidelines. The court specifically noted Alvey's "terrible prior record" and new convictions. Alvey contends that the trial court wholly ignored his mitigating evidence. Much of this mitigating evidence focused on Alvey's drug addiction and need for treatment. The trial court, however, specifically addressed this factor in its ruling, which contradicts Alvey's claims that mitigating evidence went unconsidered.

Finally, to the extent Alvey argues that his sentence was disproportionate, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

CONCLUSION

Upon review, we hold that the sentence imposed represents a proper exercise of the trial court's discretion. The trial court properly considered the discretionary sentencing guidelines and the evidence before it in making its judgment. Accordingly, the trial court's judgment is affirmed.

*Affirmed.*